HERBERT C. LAWTON vs. NEWPORT INDUSTRIAL CO.

JANUARY 6, 1922.

RESCRIPT.

*(1)   Assumpsit.   Common Counts.   Quasi Contracts.   Unjust Enrichment.*

In an action for breach of contract, where there was no evidence that plaintiff did not in good faith endeavor to strictly perform, and defendant retained and used a portion of the material installed by plaintiff, although there may not have been strict performance by plaintiff, nevertheless where the labor and materials furnished by plaintiff are clearly in excess of any damage shown by the evidence that defendant suffered, defendant will not be permitted to be enriched at the expense of the plaintiff and plaintiff may recover under a *quantum meruit.*

ASSUMPSIT.   Heard on exceptions of defendant and overruled.

PER CURIAM.   This is an action in assumpsit to recover for labor and materials furnished in installing two separate heating systems for the defendant.

The declaration alleges that said systems were installed in accordance with a special agreement entered into by the parties; that the price agreed upon for installing the two systems was $4,823. The declaration contains also the common counts.

The trial of the case in the Superior Court resulted in a verdict for the plaintiff for $4,394.50. The case is before this court on the defendant's exception to the ruling of the trial court denying defendant's motion for a new trial, on defendant's exceptions taken to the admission and exclusion of testimony and on defendant's exception to the refusal of the trial court to instruct the jury as requested.

Before the work was commenced the plaintiff prepared specifications and also a written contract but the contract was never executed. The testimony shows that the parties agreed that Pierce, Butler & Pierce down-draught boilers were to be installed as a part of each system and that the cost price for installing the two systems was $4,823. The

unexecuted contract contained the following clause: "This heating system, if installed in accordance with the plans and specifications, will heat building referred to herein to 70 degrees inside temperature when outside temperature is zero."

The houses in which the heating systems were installed were in the process of construction when the agreement between the parties was entered into and the chimney in one house, at least, was partially erected. Each chimney was constructed with a flue 12 x 12 inches. The plaintiff testified that he told the defendant's agents that the Pierce, Butler & Pierce boilers required a chimney flue 16 x 16 inches and that the defendant through its agents agreed to assume the risk of the flues being too small. The defendant denied that it agreed to assume said risk. The plaintiff admitted that each of the systems as installed by him failed to produce a proper circulation of steam and that coal would not burn freely under the boilers. The plaintiff contends however that the unsatisfactory results were not due to any fault in the systems but to lack of draught resulting from the construction by the defendant of inadequate flues and the use of each chimney in connection with a separate system for heating water.

The defendant introduced testimony that the plaintiff's work was defective in that some of the lateral steampipes did not pitch sufficiently toward the boiler. The defendant's experts testified that the systems were not provided with sufficient radiation. Defendant submitted testimony as to the estimated cost of correcting the plaintiff's defective work and also as to the cost of the extra radiation, which has not been installed but which the defendant contends is necessary to heat the houses in question.

Before suit was commenced the defendant ordered the plaintiff to remove the two boilers. The plaintiff refusing to comply with this order, the defendant substituted other boilers of a different type for the boilers installed by plaintiff and stored the latter boilers on the premises.

The primary issue to be considered in this case is, first, whether the failure of the systems to function was due to the chimney flues being of insufficient size and, second, if the flues were too small did the defendant agree to assume the risk of flues 12 x 12 inches being inadequate? There was testimony which, we think, warranted the jury in finding both of these issues in favor of the plaintiff.

The defendant's first three requests are to the effect that the plaintiff can not recover if he has failed to complete his contract. The declaration contains a *quantum meruit* count. The testimony shows that the defendant intended to retain and is using all of the two systems excepting the boilers and there was no contention that it would cost the defendant any sum, even, approximating the contract price to make the alterations including new boilers and extra radiation which the defendant contends are necessary to produce the systems which the plaintiff agreed to furnish and install. The defendant decided to retain and is enjoying the benefits of labor and materials, furnished by the plaintiff, of a value clearly in excess of any damage which the defendant suggests by evidence that it has suffered by reason of the alleged breach of contract. It is not suggested that the plaintiff did not in good faith endeavor to strictly perform the contract. Under the circumstances the defendant is not entitled to be enriched at the expense of plaintiff even although the plaintiff broke his contract. See 13 Corpus Juris. 690.

The fourth request assumes that the issues relative to the size of the chimney flues are not in the case. The justice who presided at the trial has denied the defendant's motion for a new trial and we find no reason for disturbing the verdict of the jury which has the approval of the trial court.

All of defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Burdick & MacLeod, and William A. Peckham,* for plaintiff.

*Max Levy,* for defendant.